UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodger Dean Robb,

Civ. File No. 02-774 (PAM/JGL)

Petitioner,

v.

**ORDER**

Michael O'Keefe, Commissioner,
Minnesota Department of Health
and Human Services,

Respondent.

---

This matter is before the Court on Petitioner's objections to the Report and Recommendation of Chief Magistrate Judge Jonathan G. Lebedoff dated December 5, 2002. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review, the Court adopts the Report and Recommendation (Clerk Doc. No. 23).

Petitioner filed an application for a writ of habeas corpus challenging his indefinite civil commitment as a sexually dangerous person under Minnesota law. Petitioner raises five arguments in support of his Petition. Magistrate Judge Lebedoff rejected two of these arguments as procedurally defaulted and the remaining arguments as without merit. Petitioner challenges the Magistrate Judge's conclusions with respect to all of his arguments. However, only Petitioner's contention regarding the correct standard for inability to control future behavior presents a close question. The Court will adopt the Magistrate Judge's determination with respect to the remaining arguments without discussion.

Supreme Court precedent undisputedly requires a finding of inability to control future

FILED JAN 0 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JAN 0 3 2003
DEPUTY CLERK

behavior before a person convicted of a sex crime may be confined past the end of his or her sentence. See Kansas v. Crane, 434 U.S. 407, 122 S. Ct. 867 (2002); Kansas v. Hendricks, 521 U.S. 346 (1997). According to Petitioner, the standard of "lack of adequate control" under Minnesota law, as set forth in In re Linehan, 594 N.W.2d 867, 876 (Minn. 1999) (Linehan IV), does not comport with the serious inability to control behavior standard allegedly required by the Supreme Court in Crane and Hendricks.

As Magistrate Judge Lebedoff explained, however, this Court's review of the state court proceedings involving Petitioner is very narrowly circumscribed. This Court may grant Petitioner's application only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." or if that decision "was based on an unreasonable interpretation of the facts . . . ." 28 U.S.C. § 2254(d). Despite Petitioner's insistence, neither Crane nor Hendricks set forth an explicit requirement for the seriousness of a sex offender's inability to control future behavior. Rather, these decisions specifically do not require any particular level of inability to control behavior. Given the Supreme Court's unwillingness to set forth a bright-line test, this Court cannot conclude that Minnesota's requirement is contrary to or unreasonably applies clearly established federal law.

Chief Magistrate Judge Lebedoff's analysis of Petitioner's claims is both thorough and correct. Accordingly, as the Magistrate Judge recommended and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus (Clerk Doc. No. 1) is

**DENIED**; and

2. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 3, 2003

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.