UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodger Dean Robb, Civ. File No. 02-774 (PAM/JGL)

Petitioner,

v. **ORDER**

Michael O'Keefe, Commissioner,
Minnesota Department of Health
and Human Services,

Respondent.

---

This matter is before the Court on Petitioner's request for a Certificate of Appealability in this matter.

Petitioner filed a habeas corpus petition challenging the constitutionality of his confinement as a sexually dangerous person under Minnesota law. The matter was assigned to Chief Magistrate Judge Jonathan G. Lebedoff, who recommended that the Petition be dismissed. (Report and Recommendation ("R&R") dated December 5, 2002.) Petitioner filed objections to the R&R. On this Court's de novo review, the Court adopted the R&R and held that the Petition should be dismissed with prejudice. Petitioner subsequently filed a notice of appeal seeking appellate review of the dismissal of his habeas petition. In that notice, Petitioner also requested that this Court issue a Certificate of Appealability ("COA").

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial

FILED FEB 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)).

In this case, Petitioner did nothing more than request the issuance of a COA, so it is not entirely clear what issue or issues he seeks to raise on appeal. Presumably, he would like the Court of Appeals to review this Court's determination that the "lack of adequate control" standard under Minnesota law comports with constitutional requirements for the confinement of sexually dangerous persons. This issue is one of first impression and is certainly "debatable among reasonable jurists." Thus, the Court will grant Petitioner's request for a

COA on the issue of the constitutionality of Minnesota's "lack of adequate control" standard.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's request for a Certificate of Appealability (Clerk Doc. No. 30) is **GRANTED** as set forth above.

Dated: February 10, 2003

Paul A. Magnuson
United States District Court Judge